J-S56037-18, J-S56038-18 & J-S56039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LASHAWN AUBREY MORTON, | : | |
| | : | |
| Appellant | : | No. 684 MDA 2018 |

Appeal from the PCRA Order April 9, 2018
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001713-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LASHAWN AUBREY MORTON, | : | |
| | : | |
| Appellant | : | No. 685 MDA 2018 |

Appeal from the PCRA Order April 9, 2018
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001714-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LASHAWN AUBREY MORTON, | : | |
| | : | |
| Appellant | : | No. 686 MDA 2018 |

Appeal from the PCRA Order April 9, 2018
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001716-2014

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED DECEMBER 12, 2018**

Lashawn Aubrey Morton ("Morton"), *pro se*, appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 23, 2015, Morton, represented by Brian Williams, Esquire ("trial counsel"), entered an open guilty plea, at three separate docket numbers (collectively "the three docket numbers"), to four counts of possession with intent to deliver a controlled substance ("PWID")[1] and one count of criminal use of a communication facility.[2]  On October 14, 2015, the trial court imposed an aggregate sentence of 75 to 180 months in prison. Morton did not file a direct appeal.

On December 14, 2015, Morton filed a *pro se* PCRA Petition.  Following the appointment of PCRA counsel, however, Morton withdrew the Petition.  On July 13, 2016, Morton filed another *pro se* PCRA Petition.  Following a procedural history that is not relevant to the instant appeal, the PCRA court appointed Matthew Sembach, Esquire (hereinafter "PCRA counsel") to represent Morton.  On May 3, 2017, Morton filed a *pro se* Amended PCRA Petition.  In July 2017, PCRA counsel filed a Petition to Withdraw as counsel

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 7512(a).

and a **Turner**/**Finley**[3] "no-merit" letter. Morton filed a *pro se* Response in opposition to the **Turner**/**Finley** letter. By an Opinion and Order entered on February 5, 2018 (hereinafter the "Rule 907 Notice"), the PCRA court permitted PCRA counsel to withdraw and notified Morton of the court's intention to dismiss his Petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Morton filed a *pro se* Response in opposition to the Rule 907 Notice.

By an Opinion and Order entered on April 9, 2018 (hereinafter the "PCRA Dismissal Opinion"),[4] the PCRA court dismissed Morton's PCRA Petition. On April 18, 2018, Morton timely filed a *pro se* Notice of Appeal,[5, 6] followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The PCRA court then issued a Rule 1925(a) Opinion, relying upon its reasoning advanced in the PCRA Dismissal Opinion.

Morton now presents the following issues for our review:

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] This PCRA Dismissal Opinion listed all of the three docket numbers.

[5] The Notice of Appeal listed all of the three docket numbers. This Court's Prothonotary docketed the single Notice of Appeal at three separate dockets, each of which listed, respectively, only one of the three trial court docket numbers. We will dispose of all the appeals via this Memorandum.

[6] We note that the holding of our Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (decided on June 1, 2018, and holding that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case"), is inapplicable to the instant case, where Morton filed his Notice of Appeal on April 18, 2018.

1. Did the PCRA court misapply the law concerning [Morton's] claim that [trial] counsel induced him to plead guilty rather than filing a motion to suppress evidence obtained from an illegal wiretap?

2. Did the PCRA court err when it denied [Morton's] claim [that trial] counsel incompetently advised him to plead guilty to avoid receiving an illegal mandatory minimum sentence?

3. Did the PCRA court err in its conclusion that PCRA counsel was not ineffective for filing a [*Turner*/]*Finley* letter rather than litigating the merit of [Morton's] PCRA claims?

4. Did the PCRA court err by not scheduling an evidentiary hearing despite the existence of genuine issues of material fact concerning [trial] counsel's advice inducing [Morton] to plead guilty?

Brief for Appellant at 5 (issues renumbered, capitalization omitted).

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

In his first issue, Morton argues that the PCRA court erred, and applied an incorrect legal standard, when it rejected his claim that trial counsel was ineffective for inducing Morton to plead guilty, rather than filing a motion to suppress evidence obtained from an illegal wiretap. *See* Brief for Appellant at 8-10.

Our Pennsylvania Supreme Court has explained that

[t]o be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or

- 4 -

failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the ***Pierce*** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015) (some internal citations omitted).

This Court has further stated that

"[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." [***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002).] "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." ***Commonwealth v. Kersteter***, … 877 A.2d 466, 468 (Pa. Super. 2005). We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). *See* [***Commonwealth v.***] ***Lynch***[, 820 A.2d 728, 732 (Pa. Super. 2003)]. "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** at 733 (quoting [***Hickman***, 799 A.2d at 141]).

***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (paragraph break omitted).

The PCRA court, in its Rule 907 Notice, addressed and rejected Morton's claim as follows:

- 5 -

Preliminarily, the [c]ourt notes that [a] review of the transcript from the guilty plea hearing plainly indicates that [Morton] was not threatened or coerced into entering the guilty plea. *See* [N.]T. Guilty Plea, [9/23/15,] at 3-10 ….

As noted above, to prevail on an ineffective assistance of counsel ("IAC") claim, [Morton] must meet each of the three prongs of the *Pierce* analysis. Most significant to the instant issue, a petitioner must demonstrate actual prejudice resulted from counsel's inadequate performance. …

* * *

In this instance, even if [the PCRA c]ourt were to find that [Morton] had met the first two *Pierce* prongs on the instant IAC claim, [Morton] has failed to show there was actual prejudice.

Even disregarding the wiretapped telephone calls, the Commonwealth in the instant case had several other pieces of evidence that could have been presented to a jury to convict [Morton]. Specifically, a confidential informant was used to take part in controlled purchases of drugs from [Morton]. [Morton] was not only photographed alongside the confidential informant during these purchases, but also positively identified by detectives on the task force during the course of the controlled purchases. Moreover, at trial[,] the Commonwealth could have presented the testimony of the confidential informa[nt] as evidence of [Morton's] criminal actions. Perhaps most significantly, a search warrant was executed at [Morton's] residence … [in] Chambersburg, Pennsylvania. During the execution of the search, [Morton] was found in bed, with a pair of jeans laying next to the bed; a wallet was found in the back pocket of the jeans[,] containing $336[,] along with [Morton's] identification. The money was seized from [Morton's] wallet, and was later compared to the previously recorded buy money. Two bills seized matched the previously recorded buy money …. …

In viewing trial counsel's [representation] as a whole, [Morton] has failed to persuade [the PCRA c]ourt that [trial] counsel's conduct "had an actual adverse effect on the outcome of the proceedings."

Rule 907 Notice, 2/5/18, at 23-26.

We agree with and adopt the PCRA court's above reasoning in concluding that Morton's instant claim of trial counsel's ineffectiveness fails. *See id.*; *see also Treiber*, *supra* (stating that an ineffectiveness claim will fail if the petitioner does not establish all three prongs of the ineffectiveness test). Moreover, in light of the abovementioned incriminating evidence against Morton, we conclude that trial counsel had a sound strategic reason for advising Morton to plead guilty, and there is nothing in the record to indicate that trial counsel induced the plea. *See Rathfon*, *supra* (stating that the voluntariness of a guilty plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases); *see also Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) (stating that trial counsel will not be deemed ineffective where the strategy employed by counsel had some reasonable basis designed to effectuate his or her client's interests). Finally, there is no merit to Morton's claim that the PCRA court applied an incorrect legal standard in rejecting his ineffectiveness claim. *See* Brief for Appellant at 8 (averring that the PCRA court's above-listed rationale "is flawed because this claim is governed by the rule and standard of review established in [*Commonwealth*] *v. Nelson*[,] 574 A.2d 1107 (Pa. Super. 1990)."). Indeed, the PCRA court properly applied the three-prong ineffectiveness test in evaluating this claim of trial counsel's ineffectiveness. *See Rathfon*, *supra* (clarifying that a claim of ineffectiveness of guilty plea

counsel for inducing an involuntary or unknowing plea is governed by the three-pronged ineffectiveness test).

In his second issue, Morton contends that the PCRA court erred in rejecting his claim that trial counsel was ineffective for inducing Morton to plead guilty based upon the possibility of receiving an illegal mandatory minimum sentence. **See** Brief for Appellant at 11-14. Morton asserts that "[a]s a matter of law, it was manifestly unreasonable for [trial] counsel to advise [Morton] to plead guilty to avoid receiving mandatory minimum sentences that are now unconstitutional[,]" *id.* at 13, *i.e.*, pursuant to **Alleyne v. U.S.**, 570 U.S. 99, 108 (2013) (holding that, under the Sixth Amendment's right to a jury trial, facts that increase mandatory minimum sentences must be submitted to the jury and found beyond a reasonable doubt).

Initially, Morton does not identify any mandatory minimum sentencing statute that was applicable to his case,[7] nor did the trial court sentence him to a mandatory minimum. Additionally, at the guilty plea hearing, Morton confirmed that

(1) he was "not threatened or coerced in any way by anyone" into entering a plea, N.T., 9/23/15, at 6;

(2) no one had made him any promises in return for his plea, *id.* at 7; and

---

[7] Morton also fails to identify the mandatory minimum prison term that trial counsel had purportedly informed Morton he could face if he did not enter a plea.

- 8 -

(3) he understood that he was entering an open guilty plea, which gave the trial court full discretion to impose an appropriate sentence. *Id.* at 4; *see also* Guilty Plea Colloquy, 9/23/15, at 2 (unnumbered) (wherein Morton acknowleged in his own writing that he was entering an open guilty plea).

Though Morton correctly points out in his brief that the prosecutor had made a passing comment at the guilty plea hearing concerning "mandatory minimums," the prosecutor clarified in open court that mandatory minimum sentences did *not apply* to Morton's case.[8]  Moreover, the trial court then immediately informed Morton of the sentencing guideline ranges that would apply to him, *without any mention* of mandatory minimum sentences.  N.T., 9/23/15, at 5.  Finally, at sentencing, there was no mention of mandatory minimum sentences, and the trial court imposed standard-range sentences. *See generally* N.T., 10/14/15.  Accordingly, as there is nothing in the record to provide any arguable merit to Morton's claim that trial counsel had induced him to plead guilty based upon the possibility of receiving an illegal mandatory minimum sentence, the PCRA court properly rejected Morton's ineffectiveness claim in this regard.

_____

[8] Specifically, in response to a question by the trial court inquiring into the standard-range sentencing guidelines applicable to Morton's case, the prosecutor stated as follows:  "The standard range for one of the [PWID] counts, which is, I believe, the delivery of cocaine which is greater than 5 grams[,] is the next one up.  I apologize.  These were prepared before with the mandatory minimums still applicable.  They don't have the proper one on that."  N.T., 9/23/15, at 5.  Aside from this remark, there was no other mention of mandatory minimum sentences at the guilty plea hearing.

In his third issue, Morton argues that the PCRA court erred in rejecting his claim that PCRA counsel was ineffective for filing a **Turner**/**Finley** no-merit letter, as opposed to litigating the merits of Morton's claims. **See** Brief for Appellant at 16-18.[9] Morton challenges and characterizes as "flawed" PCRA counsel's analysis and rejection of Morton's claims that trial counsel was ineffective for (1) failing to file a motion to suppress evidence obtained from an illegal wiretap; and (2) inducing Morton to plead guilty based upon the possibility of receiving an illegal mandatory minimum sentence. **See id.** at 16-17.

As we have already concluded that Morton's underlying claims of trial counsel's ineffectiveness lack merit, his ineffectiveness claim against PCRA counsel is frivolous. **See Commonwealth v. McGill**, 832 A.2d 1014, 1024-25 (Pa. 2003) (explaining that a "layered" claim of appellate counsel's ineffectiveness cannot be sustained where the underlying claim of trial counsel's ineffectiveness lacks merit); **see also** PCRA Dismissal Opinion, 4/9/18, at 12, 13 (finding that PCRA counsel properly (1) "addressed the issues raised by [Morton] in his *pro se* Amended PCRA Petition filed on May 3, 2017[,]" and (2) "set forth the nature and extent of his review [in the

---

[9] Morton raised his instant claim of PCRA counsel's ineffectiveness in his *pro se* Response in opposition to the **Turner**/**Finley** letter and, thus, it is preserved for our review. **See Commonwealth v. Ousley**, 21 A.3d 1238, 1245 (Pa. Super. 2011) (stating that an appellant must raise a claim of PCRA counsel's ineffectiveness and inadequacy of counsel's no-merit letter when the matter was still before the PCRA court).

***Turner*/*Finley*** letter], and explained why the issues raised by [Morton] are meritless. Similarly, this [c]ourt found those issues to be without merit."). Accordingly, Morton's third issue does not entitle him to relief.

In his fourth and final issue, Morton asserts that the PCRA court improperly failed to conduct an evidentiary hearing prior to ruling on his PCRA Petition, where Morton had "alleged genuine issues of material fact concerning the substance and competency of [trial] counsel's advice that induced [Morton] to plead guilty." Brief for Appellant at 14. Morton avers that his ineffectiveness claims "cannot be negated by the record or dismissed without an evidentiary hearing to determine whether [Morton's] guilty plea was induced by erroneous advice of [trial] counsel to avoid receiving an illegal mandatory minimum sentence." ***Id.*** at 15. We disagree.

> The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and brackets omitted).

As we discussed above, there is no merit to Morton's claim of trial counsel's ineffectiveness for inducing Morton to plead guilty. Accordingly, the PCRA court did not abuse its discretion in declining to hold an evidentiary

hearing on this issue, and Morton's fourth issue entitles him to no relief. ***See***

***Wah***, ***supra***.

Accordingly, the PCRA court did not err or abuse its discretion in dismissing Morton's PCRA Petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2018